DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: DBG@LNBYB.com; JSK@LNBYB.COM

Attorneys for Debtor and
Debtor in Possession

**FILED & ENTERED**

**DEC 04 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ATHERTON FINANCIAL BUILDING, LLC,<br><br>     Debtor and Debtor in Possession. | ) Case No.: 2:14-bk-27223-TD<br>)<br>) Chapter 11 Case<br>)<br>**) ORDER RE: MOTION FOR ORDER**<br>**) AUTHORIZING SALE OF REAL**<br>**) PROPERTY FREE AND CLEAR OF**<br>**) ALL LIENS, CLAIMS,**<br>**) ENCUMBRANCES AND OTHER**<br>**) INTERESTS; AND ASSUMPTION AND**<br>**) ASSIGNMENT OF UNEXPIRED REAL**<br>**) PROPERTY LEASE PURSUANT TO 11**<br>**) U.S.C. §§ 363 AND 365**<br>)<br>) <u>Hearing</u>:<br>) Date:  December 3, 2014<br>) Time:  2:00 p.m.<br>) Place:  Courtroom 1345<br>)        255 E. Temple Street<br>)        Los Angeles, CA 90012<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

A hearing was held on December 3, 2014, at 2:00 p.m., before the Honorable Thomas B. Donovan, United States Bankruptcy Judge, to consider the Motion ("Motion") For Order Authorizing Sale of Real Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests; and Assumption and Assignment of Unexpired Real Property Lease Pursuant to 11 U.S.C. §§ 363 and 365 filed by Atherton Financial Building, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned, chapter 11 bankruptcy case.  Appearances were as set forth on the Court's record.

This Court, having considered the Motion and all declarations, supplements and other evidence in support of the Motion for sale of the Debtor's real property located at 1906 El Camino Real, Menlo Park, CA 94027 (the "Property") to buyer Rum Raisins Land Trust (the "Buyer") for fourteen million three hundred thousand dollars ($14,300,000) (the "Purchase Price"), the Limited Objection to the Motion filed by David and Cathy Tsang (collectively, the "Tsangs") and the Debtor's Reply thereto, the statements, representations and arguments of counsel at the hearing on the Motion, the entire record in this case, notice and service of the Motion and the hearing on the Motion having been proper, the Court not being aware of any reason to doubt that the parties to the sale transaction are progressing with the transaction in good faith, and other good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion is granted as set forth below.

2.      The terms and conditions of, and the transactions contemplated by the Commercial Property Purchase Agreement (the "Agreement") dated October 31, 2014, as well as all addendums thereto, between the Debtor and the Buyer, which are attached to the Motion as **Exhibit "A"**, is hereby authorized and approved in all respects; and, pursuant to sections 363 and 365 of the Bankruptcy Code, the Debtor is hereby fully authorized and empowered to (a)

execute, deliver, perform under, consummate, and implement the Agreement, (b) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby, (c) take all further actions as may be necessary or appropriate for the purpose of assigning, transferring, granting or conveying its interest in the Property to the Buyer as contemplated by the Agreement, and (d) take such other and further steps as are contemplated thereby to fulfill its obligations or as may be necessary to effectuate the terms of this order.

3.    Pursuant to section 363(f)(3) of the Bankruptcy Code, and Bankruptcy Rule 6004, upon the closing of the sale transaction (the "Closing"), and payment of the required consideration, the conveyance and assignment of the Property pursuant to the Agreement will be a legal, valid, and effective transfer of the Property to the Buyer, and will vest the Buyer with all right, title and interest of the Debtor in and to the Property free and clear of all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens, claims (including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code), reclamation claims, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, orders and decrees of any Court or foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, alter-ego, environmental, successor liability, judgments, demands, encumbrances, constructive or resulting trusts, or other encumbrances or charges of any kind or nature, if any, including but not limited to any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership, including, without limitation, all liens set forth in that certain

Preliminary Report attached to the Motion as **Exhibit "B"** (collectively, "Liens").  Such Liens include, without limitation, Liens in favor of San Mateo County Treasurer and Tax Collector (statutory property tax lien through the date of Closing); Bank SinoPac Los Angeles Branch ("Bank SinoPac"); Tsangs; and Golden State Marble Granite, Inc.  All such Liens shall attach to the proceeds of the sale of the Property, with the same extent, validity and priority as the Liens were entitled to immediately prior to the Closing, until such time as the Liens are paid in full or as otherwise ordered by the Court.

4.     Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.  A certified copy of this Order shall be accepted by any federal, state or local recording or filing authority as evidence of the discharge of all Liens and claims against the Property (collectively, together with Liens, the "Claims").

5.     As a result of the foregoing, all persons or entities, including any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code), holding any Liens against the Property or asserting any Claims against the Debtor are forever barred and estopped from asserting any such Liens or such Claims against the Buyer, the Property, or any other assets of the Buyer.  This Court shall retain exclusive jurisdiction to enforce this Order to bar the enforcement or assertion of any such Liens or such Claims against the Buyer, or the Property.

6.     On and after the Closing, the holders of Claims against the Debtor and Liens against the Property are directed to execute such documents and take all other actions as may be reasonably necessary to terminate and expunge such Liens and such Claims against the Property as such Claims or Liens may have been recorded or may otherwise exist.  To the extent that any holder of such Claims against the Debtor or such Liens against the Property refuses to execute

such documents as may be necessary to terminate and expunge any such Liens and such Claims against the Property consistent with this Order, the Debtor and the Buyer are authorized to take such actions unilaterally, including without limitation, filing UCC-3 Termination Statements to release any Lien on the Property.

7.      The consideration to be paid by the Buyer pursuant to the Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or the District of Columbia.

9.      The Debtor's assumption and assignment to the Buyer of the Debtor's  non-residential real property lease (the "Lease") with the Debtor as the lessor and Noosphere Ventures ("Noosphere") as the lessee, is hereby approved, with such assumption and assignment to be effective as of the date of the Closing, pursuant to 11 U.S.C. § 365.

10.     Subject to the foregoing assumption and assignment of the Lease, any remaining executory contracts and unexpired leases to which the Debtor is a party (the "Rejected Agreements"), if any, are hereby deemed rejected, with such rejection to be effective as of the date of Closing.

11.     Any party to a Rejected Agreement must file a proof of claim based on such rejection not later than 30 days from the date of entry of this Order.

12.     The failure, specifically, to include any particular provisions of the Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Agreement be approved in its entirety.

13.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not reduce the Purchase Price (as defined in the Agreement) or substantially or

materially alter the essential terms therein or the terms of this Order.  The Agreement and all transactions contemplated thereby, shall be binding upon any successors in interest, including without limitation any chapter 11 trustee, chapter 7 trustee or other responsible officer appointed for any of the parties thereto.

14.    The Buyer is hereby granted the benefits and protections of section 363(m) of the Bankruptcy Code, as a good faith purchaser, in connection with the Property.  No portion of the Property to be sold and assigned pursuant to the Agreement shall be severable for mootness or any other purpose from any other portion of the Property, and the sale of the Property shall constitute but one nonseverable transaction under section 363 of the Bankruptcy Code.

15.    This Court hereafter shall and does retain exclusive jurisdiction: (a) to interpret, construe, enforce and implement the terms and provisions of the Agreement and this Order, all amendments thereto, any waivers and consents thereunder, any agreements executed in connection therewith, and any and all disputes that may arise under the Agreement or this Order as between the Debtor and the Buyer; (b) to hear and determine any and all disputes between the Debtor and/or the Buyer, as the case may be, and any third parties relating to the Agreement; (c) compel delivery and payment of the consideration provided for under the Agreement; (d) resolve any disputes, controversies or Claims arising out of the Agreement; and (e) interpret, implement, and enforce the provisions of this Order; provided, however, in the event that this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this clause, or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

16.    Immediately upon the Closing, the Debtor (and any title company, closing agent or escrow agent) is authorized, directed and instructed to pay the following Claims, costs and

expenses:

    a.  all ordinary and customary costs, fees and brokers' commissions associated with the transaction contemplated by the Agreement required for the Closing to occur and the transfer of the Property to the Buyer in accordance with the Agreement;

    b.  All outstanding secured property taxes due and owing through the Closing;

    c.  Payment to Bank SinoPac subject to a payoff demand and agreement of the Debtor and, absent such agreement, the claims of Bank SinoPac will attach to the proceeds of the sale as set forth in Paragraph 3 above;

    d.  Payment to the Tsangs of $6,843,507.42 upon close of escrow, in full satisfaction of their claim..

    e.  Payment to Golden State Marble Granite, Inc. in the amount of $10,000.

17.    Upon the Closing, after the payments required by this Order and set forth above, the balance of the funds shall be transferred to Levene, Neale, Bender, Yoo & Brill L.L.P., the Debtor's general bankruptcy counsel, to be held in trust pending further order of this Court.

18.    Benjamin Kirk is authorized and directed, for and in the name of the Debtor, to execute all documents, agreements and deeds related to the transaction contemplated by the Agreement and approved pursuant to this Order, as provided for in the Debtor's Resolutions attached to the Voluntary Petition [Doc. 1], and the escrow and title companies shall accept such authority for all purposes.

19.     The 14-day stay periods of Rule 6004(h) and Rule 6006(h) of the Federal Rules of Bankruptcy Procedure are hereby waived.

###

Date: December 4, 2014

Thomas B. Donovan
United States Bankruptcy Judge