FORM B104 (08/07)                                                               2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Lucy Gao, an individual | **DEFENDANTS**<br>Atherton Financial Building, LLC, and Does 1-10 inclusive |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey S. Shinbrot, APLC<br>8200 Wilshire Blvd., Suite 400<br>Beverly Hills, CA 90211 | **ATTORNEYS** (If Known)<br>Levene, Neale, Bender, Yoo & Brill, L.L.P<br>10250 Constellation Blvd., # 1700<br>Los Angeles, CA 90067 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE VALIDITY OF CLAIMS AND INTEREST AGAINST ESTATE PROPERTY

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM B104 (08/07), page 2                                                                                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Atherton Financial Building, LLC | **BANKRUPTCY CASE NO.** <br> 2:14-bk-27223 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Thomas B. Donovan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* | | |
| **DATE** <br> 1/16/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Jeffrey S. Shinbrot, Esquire | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey S. Shinbrot, Esquire (155486)<br>JEFFREY S. SHINBROT, APLC<br>8200 Wilshire Blvd., Suite 400<br>Beverly Hills, CA 90211<br>(310)659-5444<br>(310)878-8304 Fax<br>jeffrey@shinbrotfirm.com<br><br>*Attorney for Plaintiff* | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>ATHERTON FINANCIAL BUILDING, LLC<br><br>Debtor(s). | CASE NO.: 2:14-bk-27223-TD<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: |
|---|---|
| LUCY GAO, an individual<br><br>Plaintiff(s)<br>Versus<br>ATHERTON FINANCIAL BUILDING, LLC, and Does 1-10 inclusive.<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____
**Time:** _____
**Courtroom:** _____

**Place:**
☐ 255 East Temple Street, Los Angeles, CA 90012
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                              **KATHLEEN J. CAMPBELL**
                                              **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                        By: _____
                                                   Deputy Clerk

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 659-5444
Fax: (310) 878-8304

Attorneys for Plaintiff
Lucy Gao

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| ATHERTON FINANCIAL BUILDING, LLC<br><br>Chapter 11 Debtor, | Bankruptcy Case No:2:14-bk-27223-TD<br><br>Chapter 11<br><br>Adversary Case Number:_____ |
| LUCY GAO,<br><br>Plaintiff,<br><br>Adv.<br><br>ATHERTON FINANCIAL BUILDING, LLC, and Does 1 – 10, inclusive.<br><br>Defendant(s). | **COMPLAINT FOR:**<br><br>1. **DECLARATORY JUDGMENT TO DETERMINE INTERESTS AGAINST ESTATE PROPERTY;**<br><br>2. **FOR INTERPLEADER OF ESTATE FUNDS; AND**<br><br>3. **FOR INJUNCTIVE RELIEF**<br><br>*Status Conference*<br>Date: TBD<br>Time:<br>Place: |

**COMES NOW**, Plaintiff Lucy Gao and alleges as follows:

### Jurisdictional Allegations

1.  This adversary proceeding relates to and arises under the Chapter 11 case of Atherton Financial Building, LLC (the "Debtor" or "Defendant"), 2:14-27223-TD (the "Chapter 11 Case"), currently pending before this Court. The Chapter 11 Case was

commenced on September 9, 2014, (the "Petition Date"). This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(a) and (b) and 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28U.S.C. § 157(b)(2)(A), (E) and (O), as applicable. Venue is proper in Central the District of California pursuant to 28 U.S.C. § 1408. The Plaintiff seeks and are entitled to declaratory and other relief pursuant to 28 U.S.C. §§ 2201(a) and 2202, and in the alternative or in conjunction therewith,11 U.S.C. 105.

### Factual Allegations

2. The Defendant commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on September 9, 2014 (the "Petition Date").

3. On September 23, 2014, the Debtor filed its Statement of Financial Affairs in its bankruptcy case [at docket number 13 in the Chapter 11 Case], incorrectly indicating that the membership interest of the Debtor are owned by American REO Solutions, LLC (in the amount of 20%); Great Vista Real Estate Invest Corp. (in the amount of 40%); Sunshine Valley LLC (in the amount of 20%); and Washington Capital Management, LLC in the amount of 20%. The Statement of Financial Affairs was executed by Benjamin Kirk.

4. The true sole owner of the membership interests of the Debtor is Lucy Gao, an individual ("Plaintiff").

5. On the Petition Date, the Debtor's primary asset was a commercial building located at 1906 El Camino Real, Menlo Park, CA 94027 (the "Property"). Upon motion of the Debtor, on December 4, 2014, the Bankruptcy Court entered its Order approving the sale of the Property (the "Sale Order"); which sale resulted in funds in excess of certain amounts owed to undisputed creditors in the approximate amount of $3.5 million (the "Estate Funds").

6. Pursuant to the Sale Order, the Estate Funds are currently held in the attorney-client trust account of Levene, Neale, Bender, Yoo & Brill, L.L.P. ("LNBYB").

2

Complaint for Declaratory and Injunctive Relief

7. On December 24, 2014, the Debtor filed a Motion For Order (1) Authorizing Disbursement of Funds to Creditors and (2) Dismissal of Bankruptcy Case pay creditors the Bankruptcy Case and dismiss the Chapter 11 case. Plaintiff objected to the motion based on her information and belief that the Estate Funds would be transferred to a bank account that, while nominally held by the Debtor, was solely controlled by Mr. Kirk, the same person who executed incorrect bankruptcy statements in the Bankruptcy Case. The motion was continued by the Bankruptcy Court until January 21, 2015 and the Estate Funds currently remain in the trust account of LNBYB.

8. LNBYB has informed Ms. Gao that they intend to transfer the Estate Funds to a debtor-in-possession account controlled solely by Mr. Kirk, Mr. Kirk has informed Ms. Gao that he intends to immediately transfer the Estate Funds to a person named "Sophia" and that "Sophia" has an interest in the Estate Funds.

9. Based on the forgoing, at least the Debtor, "Sophia," Ms. Gao assert an interest in the Estate Funds. The Plaintiff is unaware of the true name of the persons or entities that may have an interest in the Estate Funds and therefore reserves the right to substitute the true name in for "Doe" when the identity is learned.

### First Cause of Action

[For Declaratory Judgment Adjudicating the Disposition of Estate Funds]

10. Plaintiff incorporates by this reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

11. LNBYB seeks to transfer Estate Funds to a bank account controlled solely by Benjamin Kirk, the same person who has executed inaccurate bankruptcy schedules and statements and who has indicated his intent to immediately transfer the funds to a person allegedly named "Sophia."

12. Plaintiff therefore requests that the Court adjudicate and declare that Mr. Kirk and "Sophia" have no interest in the Estate Funds, that the Estate Funds must be transferred to an account owned or controlled by Ms. Zao and that the Estate Funds may

not be transferred from the LNBYB attorney-client trust account absent the express consent of Ms. Zao.

### Second Cause of Action

[For Interpleader of the Estate Funds]

13. Plaintiff incorporates by this reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

14. LNBYB has informed Ms. Gao that they intend to transfer the Estate Funds to a debtor-in-possession account controlled solely by Mr. Kirk, Mr. Kirk has informed Ms. Gao that he intends to immediately transfer the Estate Funds to a person named "Sophia" and that "Sophia" somehow has a claim to such money.

15. In order to ensure that the Estate Funds are given to those that are properly entitled to it and to ensure that Plaintiff is protected from further liability, interpleader of the Estate Funds is necessary and appropriate.

### Third Cause of Action

[For Injunctive Relief]

16. Plaintiff incorporates by this reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

17. LNBYB has stated its intentions to transfer the Estate Funds to an account nominally owned by Debtor, but actually controlled by Mr. Kirk, who misrepresented the true equity structure of the Debtor in its bankruptcy schedules and who has stated his intent to immediately transfer the Estate Funds to a third party named "Sophia."

18. If an injunction does not issue restraining and enjoining the transfer of estate funds from the attorney-client trust account of LNBYB, Plaintiff will be irreparably harmed as a result of complete control of the Estate Funds passing to an account controlled solely by Mr. Kirk who has indicated his intent to transfer such funds.

WHEREFORE, Plaintiff Lucy Gao prays for judgment as follows:

1. An Order adjudicating that Mr. Kirk and "Sophia" have no interest in the Estate Funds, that the Estate Funds must be transferred to an account

owned or controlled by Ms. Zao and that the Estate Funds may not be transferred from the LNBYB attorney-client trust account absent the express consent of Ms. Zao.

2. For Interpleader of the Estate Funds.
3. For an issuance of a temporary restraining order, preliminary and permanent injunction enjoining the transfer of Estate Funds from the LNBYB attorney-client trust account to a debtor-in-possession account controlled by Mr. Kirk..

Dated: January 20, 2015                    JEFFREY S. SHINBROT, APLC


By: _____
JEFFREY S. SHINBROT, ESQ.
Counsel for Plaintiff

---

5

Complaint for Declaratory and Injunctive Relief

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
Date            Printed Name             Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 3                              F 7004-1.SUMMONS.ADV.PROC