1  Michael Gerard Fletcher (State Bar No. 70849)
    mfletcher@frandzel.com
2  Christopher D. Crowell (State Bar No. 253103)
    ccrowell@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
    6500 Wilshire Boulevard, Seventeenth Floor
4  Los Angeles, California 90048-4920
    Telephone: (323) 852-1000
5  Facsimile: (323) 651-2577

6  Attorneys for Party-in-Interest BANK SINOPAC
    LOS ANGELES BRANCH
7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11 | In re                                  | Case No. 2:14-bk-27223-TD

12 | ATHERTON FINANCIAL BUILDING LLC,       | Chapter 11

13 |            Debtor.                     | **BANK SINOPAC LOS ANGELES
                                              BRANCH'S OBJECTION TO
14 |                                        | STIPULATION DIRECTING
                                              DISPOSITION OF SALE PROCEEDS
15 |                                        | AND DISMISSAL OF CASE**

16 |                                        | Continued Hearing Date:

17 |                                        | Date:  March 18, 2015
                                              Time:  2:00 p.m.
18 |                                        | Place: Courtroom 1345
                                                     255 East Temple Street
19 |                                        |        Los Angeles, California 90012

20         **TO: THE HONORABLE THOMAS DONOVAN, UNITED STATES BANKRUPTCY**

21  **JUDGE.**

22         After telling this Court in the pending motion to dismiss that the **motion would not seek** to

23  dispose of or transfer the roughly $3.5 million being held by Atherton Financial Building, LLC

24  ("Atherton" or "Debtor"), Atherton has tried to do just that. Atherton filed a stipulation with Lucy

25  Gao ("Gao") Friday afternoon to send $3.5 million out of the estate, literally out into the blue, to a

26  total stranger third party entity with no known connections to Atherton or this bankruptcy. Stipulation

27  Directing Disposition of Sale Proceeds and Dismissal of Case filed March 6, 2015 (ECF No. 63)

28  ("Stipulation"). Atherton had told this Court in the motion that the disposition of the $3.5 million

1769398.3 | 100158-0033                      1

1  would happen, if at all, in the adversary proceeding filed by Gao in January 2015. That is the
2  adversary proceeding where Gao asserts that she is the 100% owner of all membership interests in
3  Atherton, and is entitled to be paid the entirety of the $3.5 million.
4  　　　　Gao owes Bank SinoPac Los Angeles Branch ("Bank") in excess of $2.8 million on a guaranty
5  of the indebtedness of an entity named Liberty CMC Corporation ("Liberty CMC"). The Bank sued
6  Gao in late December 2014 on that debt. As far as the Bank is concerned, the attempt to transfer the
7  $3.5 million claimed by Gao to a third party is a blatant attempted fraudulent transfer, coming as it
8  does after the Bank has sued Gao in state court, and is an attempt to transfer the $3.5 million beyond
9  the Bank's reach. By involving the bankruptcy estate in this fraudulent transfer Gao has exposed the
10 bankruptcy estate to liability as an aider and abetter of the fraud and has induced the bankruptcy estate
11 to act contrary to its obligations under the Bankruptcy Code. The Bank objects to approval of the
12 Stipulation, to any attempted dismissal of the Gao adversary proceeding, and to any involvement by
13 this bankruptcy estate in Gao's fraudulent schemes. There are several ways for this bankruptcy estate
14 to handle the money that it is holding as property of the estate. None of those ways are set forth in the
15 Stipulation. As the court holding exclusive jurisdiction over these funds, this Court, the Bank
16 respectfully submits, should refuse to approve the Stipulation, and decline to allow the Debtor to
17 participate in a post petition fraudulent transfer.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

19 　　　　The Bank holds an approximately $2.8 million claim against Gao based on her guaranty of
20 Liberty CMC's indebtedness to the Bank. Gao has asserted in this bankruptcy case, and has filed an
21 adversary proceeding seeking a determination, that she is the 100% owner of Atherton. The
22 Stipulation provides for a structured dismissal of Atherton's bankruptcy case whereby Atherton will
23 transfer (1) $50,000.00 to Atherton's bankruptcy counsel as a retainer to file a bankruptcy case for
24 Atherton's affiliate 544 San Antonio Road LLC ("San Antonio Road"); and (2) the balance of
25 Atherton's funds to PA One LLC ("PA One").
26 　　　　Structured dismissals of chapter 11 cases may be approved (if at all) only within the
27 parameters of Bankruptcy Code ("Code") section 105 and Federal Rule of Bankruptcy Procedure
28 ("Bankruptcy Rule") 9019, and on a finding that the proposed terms of the dismissal are appropriate

1  and reflect good faith. In addition, under Code section 349(b) dismissal of a bankruptcy case "revests
2  the property of the estate in the entity in which such property was vested immediately before the
3  commencement of the case…[u]nless the court, for cause, orders otherwise."

4  Via the Stipulation, Gao is in effect attempting to fraudulently transfer her claimed entitlement
5  to Atherton's remaining funds so as to place those funds beyond the Bank's reach. This is bad faith in
6  the extreme, certainly not "cause" to vary the general rule under Code section 349(b), and reason to
7  deny approval of the Stipulation. Furthermore, Atherton's participation in the scheme is wrongful and
8  gives rise both to a constructive trust with respect to the funds and (should the fraudulent transfer
9  occur) a post-petition tort claim in the Bank's favor entitled to administrative expense priority.

10 The Court has exclusive jurisdiction over Atherton's bankruptcy estate and should not permit
11 Atherton to distribute <u>any</u> of its remaining funds until the Court determines (in the pending adversary
12 proceeding) who owns Atherton.

### RELEVANT FACTUAL BACKGROUND

**A.    Atherton's Bankruptcy Case Commencement, Schedules, and Property Sale**

Atherton filed its chapter 11 petition, thereby commencing this bankruptcy case, on September 9, 2014. [ECF No. 1.] Atherton's Schedules of Assets and Liabilities, filed September 23, 2014, lists Atherton holding a fee simple interest in a commercial building located at 1906 El Camino Real, Menlo Park, California 94027 ("<u>Property</u>") and the Bank holding a $2,715,985.00 undisputed claim secured by a first-priority lien against the Property.

Atherton's Statement of Financial Affairs, also filed September 23, 2014, lists three limited liability companies and one corporation collectively holding 100% of Atherton's membership interests. [ECF No. 13.] Atherton's Status Report, filed October 1, 2014, states that Benjamin Kirk ("<u>Kirk</u>") manages and operates Atherton. [ECF No. 17.]

On December 4, 2014, the Court entered its order approving Atherton's sale of the Property for $14.3 million, free and clear of the Bank's lien. [ECF No. 46.] The Bank's claim against Atherton was paid from the escrow with respect to the Property sale.

**B.    The Bank's Claim and Lawsuit Against Gao**

On December 24, 2014, the Bank filed a Complaint for Breach of Guaranty ("<u>Complaint</u>")

1  against Gao in the Los Angeles County Superior Court ("State Court"), thereby commencing the case
2  entitled Banc SinoPac v. Gao and assigned case number VC 064502 ("State Court Action"). The
3  Complaint seeks a judgment against Gao based on her guaranty of the indebtedness owed to the Bank
4  by another Gao entity, Liberty CMC, which indebtedness includes the principal sum of $2,799,656.25.
5  [Declaration of Michael Gerard Fletcher filed herewith ("Fletcher Decl.") ¶ 2, Ex. 1.] On February 27,
6  2015, the State Court entered Gao's default in the State Court Action and the Bank is in the process of
7  obtaining a default judgment. Once the Bank obtains a judgment against Gao, the Bank will seek a
8  charging order with respect to her membership interest in Atherton pursuant to California
9  Corporations Code section 17705.03. [Fletcher Decl. ¶ 3.]

### C. Atherton's Motion to Dismiss

On December 24, 2014, Atherton filed a Motion for Order (1) Authorizing Disbursement of Funds to Creditors; and (2) Dismissal of Bankruptcy Case ("Dismissal Motion"). The Dismissal Motion represents that Atherton's bankruptcy counsel is holding over $3.5 million in its client trust account, representing the net proceeds from sale of the Property, pending further order of the Court. The Dismissal Motion also represents that remaining claims total $246,922.53, exclusive of Atherton's bankruptcy counsel's unpaid fees and costs. The Dismissal Motion thus seeks authority to pay all estate claims in full and dismiss the bankruptcy case. [ECF No. 50.]

Gao filed a Limited Opposition to the Dismissal Motion on January 5, 2015, asserting that she owns 100% of Atherton and opposing the Motion insofar as Atherton "seeks to disburse funds in excess of [monies paid to] undisputed claims to any party other than" Gao. Gao asserted that such funds should be "interplead [sic], or otherwise sequestered by agreement of the parties, until any disputes regarding such funds are resolved. Gao's declaration in support of her Limited Opposition attaches an Operating Agreement of Atherton dated April 13, 2012, which (on Schedule A) identifies Gao as Atherton's sole member. [ECF No. 53.]

Atherton's Reply in Support of the Dismissal Motion disputes Gao's assertions regarding her ownership of Atherton, but states that **such dispute "is irrelevant for determination of the Motion since the Debtor does not seek to disburse funds to equity holders**" (emphasis added). [ECF No. 54.]

1    On January 21, 2015, the Court entered an Order granting the Dismissal Motion in part. The Order authorized Atherton to distribute funds held in its bankruptcy counsel's client trust account to its creditors as set forth in the Dismissal Motion, and to release $50,000 to Atherton's bankruptcy counsel "to fund a retainer for an anticipated bankruptcy case for the Debtor's affiliate." The Order does not identify the affiliate. Other that the foregoing disbursements, **the Order requires the balance of funds to be held and disbursed only upon further Court order**. The Order finally continued the hearing on dismissal of Atherton's bankruptcy case. [ECF No. 59.]

### D.    The Gao Adversary Proceeding

Gao commenced the adversary proceeding entitled <u>Gao v. Atherton Financing Building, LLC</u> and assigned case number 2:15-bk-27223-TD ("<u>Gao Adversary Proceeding</u>") on January 20, 2015. In her Complaint against Atherton, Gao alleges that she is the "true sole owner" of Atherton's membership interests. Accordingly, Gao seeks (1) a declaratory judgment that Atherton's remaining funds must be transferred to her; (2) interpleader of such funds; and (3) injunctive relief enjoining the Debtor from transferring such funds. Atherton has not answered the Complaint or otherwise appeared in the Gao Adversary Proceeding.

### E.    The Stipulation

The Stipulation (as noted) provides that Atherton will transfer (1) $50,000.00 to Atherton's bankruptcy counsel as a retainer to file a bankruptcy case for San Antonio Road; and (2) the balance of Atherton's funds to PA One. The Stipulation provides no information about PA One and it is not clear whether PA One LLC is the entity referred to in the Court's January 21, 2015, Order on the Dismissal Motion, or what relationship, if any, there is between and among Atherton, Kirk, Gao, and PA One. It appears that PA One is a total stranger to this bankruptcy estate. The Stipulation oddly and suspiciously specifies that neither of the competing interest holders in Atherton, Kirk nor Gao, will receive any portion of Atherton's remaining funds, and that Atherton's bankruptcy case will be dismissed after final disbursements. [ECF No. 63.]

## ARGUMENT

### A.    The Court Should Refuse to Approve the Stipulation

Structured dismissals as a means to conclude chapter 11 cases are not expressly provided for

under Bankruptcy Code section 1112 and so may be approved (if at all) only within the parameters of Code section 105 and Bankruptcy Rule 9019. *See In re Biolitic, Inc.*, 2014 Bankr. LEXIS 5060 (Bankr. D.N.J. Dec. 16, 2014) (denying approval of structured dismissal that was not fair and equitable and sought to circumvent fundamental rules and principles governing the administration and distribution of estate assets); *In re Buffet Partners, L.P.*, 2014 Bankr. LEXIS 3204 (Bankr. N.D. Tex. July 28, 2014) (approving structured dismissal that was fair and equitable and consensual as to all parties in interest other than the United States trustee).

Through the Stipulation, Gao is in effect attempting to fraudulently transfer her claimed entitlement to Atherton's remaining funds so as to place those funds beyond the reach of the Bank, which holds an approximately $2.8 million claim against Gao. *See* Cal. Civ. Code § 3439.04. The Stipulation is a compromise of controversies, as it effectively resolves the Gao Adversary Proceeding and provides for an agreed-upon disposition of Atherton's remaining assets, but without there being any motion under Bankruptcy Rule 9019 filed or served. And, the Stipulation provides for property of Atherton's bankruptcy estate to be transferred to third parties rather than revested in Atherton as Code section 349(b) generally requires.

The Dismissal Motion did not seek authority to disburse funds to equity holders (much less authority to vary the provisions of Code section 349(b) with respect to revesting of estate property). The provisions of the Stipulation are thus entirely outside the scope of the Dismissal Motion and can only be considered by the Court in the context of a fully-noticed motion pursuant to Code sections 105, 349, and 1112, and Bankruptcy Rule 9019. Atherton and Gao's failure to comply with applicable procedural requirements, standing alone, is reason to deny approval of the Stipulation.

On the merits, the Stipulation is plainly improper. A scheme to involve a bankruptcy estate in a fraudulent transfer is certainly not "necessary or appropriate to carry out the provisions" of Title 11, 11 U.S.C. § 105(a)[1]; is neither the product of "good faith" nor "fair and equitable" as required under

---

[1] Transferring Atherton's remaining assets as the Stipulation proposes also violates Code section 1115(b), which prohibits a debtor from distributing estate property other than through a plan. Code section 105(a) may not be employed to achieve results specifically prohibited by other
(footnote continued)

Bankruptcy Rule 9019, *In re A & C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986); and does constitute "cause" to vary the background rule regarding revesting of estate assets under Code section 349. The Court should refuse to approve the Stipulation.

**B.    The Stipulation Gives Rise to a Constructive Trust and (Should the Fraudulent Transfer Occur) a Post-Petition Tort Claim Entitled to Administrative Expense Priority**

Under California law, "a constructive trust may...be imposed where the following three conditions are satisfied: (1) the existence of a *res* (property or some interest in property); (2) the right of a complaining party to that *res*; and (3) some wrongful acquisition *or detention* of the res by another party who is not entitled to it." *Campbell v. Superior Court*, 132 Cal. App. 4th 904 (2005) (emphasis added); *see also* Cal. Civ. Code § 2224.

The Debtor apparently believes that it no longer should hold the $3.5 million, yet seeks to exercise its dominion and control over the disposition of that money. The Debtor has allied itself with Gao's fraudulent transfer scheme. Atherton's participation in Gao's attempt to commit a fraudulent transfer constitutes a wrongful act with respect to its possession of remaining estate funds, and thus gives rise to a constructive trust with respect to those funds.

Furthermore, any fraudulent transfer of the funds in derogation of the Bank's rights amounts to an "tort in essence" under California law, *see generally South Bay Bldg. Enters. v. Riviera Lend-Lease, Inc.*, 72 Cal. App. 4th 1111, 1123 (1999) (violation of statute designed to protect person for whose benefit statute was enacted amounts to a tort), and thus gives rise to an administrative claim in favor of the Bank, *see Reading v. Brown*, 391 U.S. 471 (1968) (claim based on bankruptcy estate's post-petition tort entitled to administrative expense priority).

Gao has enlisted the Debtor to help her fraudulent scheme, rendering the Debtor liable to the Bank as an aider and abetter under California law. *See generally Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005) ("Liability may be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of

---

provisions of the Code. *Law v. Siegel*, 134 S. Ct. 1188 (2014).

duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.").

### C. The Court Should Not Permit Atherton to Distribute Any Funds Until the Court Determines Who Owns Atherton

The Court has exclusive jurisdiction over property of Atherton's bankruptcy estate under 28 U.S.C. § 1334(e). Other than Gao's desire to fraudulently transfer her entitlement to Atherton's remaining funds, there is no reason why Atherton needs to distribute any funds until the Court determines who owns Atherton in the context of the Gao Adversary Proceeding.[2] Until such time, Atherton's funds should continue to be held in Atherton's bankruptcy counsel's trust account or interpled as appropriate. The Debtor has several options, none of which involve participating in Gao's fraudulent transfer machinations designed to harm the Bank. Gao has sought to freeze the funds until her claims to be not only an interest holder in this bankruptcy, but the only interest holder of the Debtor, can be resolved. She should be held to her word.

WHEREFORE, the Bank respectfully requests that the Court enter an order denying approval of the Stipulation, denying any attempt to dismiss the Gao adversary complaint, and denying dismissal of the bankruptcy case until appropriate decisions and/or resolutions of the ownership of the $3.5 million can be rendered.

DATED: March 8, 2015                Respectfuly submitted,

                                    FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                    MICHAEL GERARD FLETCHER
                                    CHRISTOPHER D. CROWELL

                                    By:/s/ Michael Gerard Fletcher
                                       MICHAEL GERARD FLETCHER
                                       Attorneys for Party-in-Interest BANC SINOPAC LOS ANGELES BRANCH

---

[2] The Bank will seek leave to intervene in the Gao Adversary Proceeding pursuant to Bankruptcy Rule 7024 as necessary to protect its rights.

1769398.3 | 100158-0033                    8

| In re:<br>ATHERTON FINANCIAL BUILDING LLC<br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:14-bk-27223-TD |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920.

A true and correct copy of the foregoing document described as **BANK SINOPAC LOS ANGELES BRANCH'S OBJECTION TO STIPULATION DIRECTING DISPOSITION OF SALE PROCEEDS AND DISMISSAL OF CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 8, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Douglas G Boven dboven@reedsmith.com, gsandoval@reedsmith.com
- Christopher D Crowell ccrowell@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- David B Golubchik dbg@lnbyb.com, dbg@ecf.inforuptcy.com;stephanie@lnbyb.com
- Jeffrey S Kwong jsk@lnbyb.com
- Queenie K Ng queenie.k.ng@usdoj.gov
- Laura Palazzolo laura.palazzolo@berliner.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Reed S Waddell rwaddell@frandzel.com, efiling@frandzel.com;sking@frandzel.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On March 8, 2015 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

PA One, LLC
Attn: Paul J. Tauber, Agent for Service of Process
One Ferry Building, Suite 200
San Francisco, CA 94111

544 San Antonio Road, LLC
Attn: Agent for Service of Process
544 San Antonio Road
Mountain View, CA 94040

☐ Service Information continued on attached page.

1769398.3 | 100158-0033

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on March 8, 2015 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Thomas B. Donovan
United States Bankruptcy Court
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 8, 2015 | David T. Moore | /s/ David T. Moore |
|---|---|---|
| Date | Type Name | Signature |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1769398.3 | 100158-0033

10