C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone:(408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

Attorney for Creditor and Interested Party
JD BROTHERS LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:14-bk-27223-TD |
| ATHERTON FINANCIAL BUILDING | Chapter 11 |
| Debtor. | **JD BROTHERS LLC'S OBJECTION TO STIPULATION DIRECTING DISPOSITION OF SALE PROCEEDS AND DISMISSAL OF CASE** |
| | <u>Continued Hearing Date:</u> |
| | Date:    May 22, 2015 |
| | Time:    2:00 p.m. |
| | Place:   Courtroom 1345 |
| |          255 East Temple Street |
| |          Los Angeles, CA, 90012 |

**TO: THE HONORABLE THOMAS DONOVAN, UNITED STATES BANKRUPTCY JUDGE.**

Creditor and Interested Party JD Brothers LLC ("JD Brothers") joins in Bank Sinopac Los Angeles Branch's (the "Bank") *Objection To Stipulation Directing Disposition Of Sale Proceeds and Dismissal Of Case* (Docket No. 65), and files this separate objection to the stipulation directing disposition of sale proceeds and dismissal of case, as follows:

1

## I. THE INTERESTS OF JD BROTHERS LLC

JD Brothers is an aggrieved creditor who suffered massive losses due to what can only best be described as a Ponzi Scheme constructed by Liberty Asset Management Corporation ("Liberty CMC" for the sake of consistency with the Bank's objection), Benjamin Kirk ("Kirk"), aka Benny Ko, the Debtor's managing member and responsible party, Lucy Gao ("Gao"), the mastermind behind the diversion of funds from Liberty CMC into her own individual name and that of her corporate entities. Liberty CMC, Kirk, Gao, and their related entities, convinced JD Brothers to invest over $11 million into Liberty CMC and related entities, only to turn around and abscond with JD Brothers's money. Gao additionally sold a commercial building in San Francisco, California which JD Brothers owned a 44.4% interest in, and diverted approximately $10 million in additional profits from the sale of this building away from JD Brothers.

JD Brothers filed a complaint in San Francisco district court for violation of securities laws, violation of the racketeer and corrupt influenced organization's act (RICO), as well as California causes of action relating to fraud and breach of fiduciary duties. A true and correct copy of this complaint is attached as "Exhibit A" to the *Declaration of C. Alex Naegele* in support of this objection. That complaint seeks $22 million in damages against Liberty CMC, Kirk, Gao, and their related entities.

Plaintiff's situation is similar to Lana and Elaine Tsang and detailed in the Tsang's *Motion To Appoint Chapter 11 Trustee* (Docket No. 9) in related case *In re Gold River Valley, LLC*, 2:15-bk-10691-TD, which is another entity owned and/or controlled by Kirk and Gao. In the *Motion To Appoint Chapter 11 Trustee*, the Tsangs tell a story of fraudulently induced investment into a commercial building which was later used to divert investment and profits nearly identical to JD Brothers case.

The main difference between the Tsangs case and JD Brothers case is that the commercial building invested in by the Tsangs was still property of the bankruptcy estate when *In re Gold River Valley, LLC*, 2:15-bk-10691-TD was filed, and so the Tsangs could recover all or substantially all of their investment. In JD Brothers case, over $8 million of investment went into an entity called HK Grace Building LLC which was used to purchase the commercial

2

building at 166 Geary Street, San Francisco, California for approximately $34 million.  In October, 2014, Kirk and Gao sold 166 Geary Street, San Francisco, California without JD Brothers consent for $60 million and diverted **all** of the profits to unknown sources.  Therefore, unlike the Tsangs case, JD Brothers has no recourse if HK Grace Building LLC is to file bankruptcy because the sale has already been completed and the funds have been diverted to other sources.  JD Brothers now brings these actions to recover the illegally diverted debt, equity, rents, and profits in excess of $22 million stolen from JD Brothers.  Said actions include a charging order on all of the equity security holders who may receive the $3 million profits in this case.  By approving the stipulation, Kirk and Gao would have successfully diverted an additional $3 million away from legitimate creditors who they continue to defraud.

## II.    SUMMARY OF ARGUMENT

The statement of facts and procedural history leading up to this objection are extremely well set out in the Bank's objection (Docket No. 65) and are incorporated herein by reference. To that end, JD Brothers submits that the actions of Gao and Atherton Financial Building, the Debtor and Debtor-in-Possession herein (the "Debtor") confirm the allegations made in JD Brothers complaint filed in San Francisco district court – namely, that Gao, Kirk, and all of the entities they control have engaged in a pattern and series of frauds upon multiple investors. Should this Court grant the stipulation directing disposition of sale proceeds and dismissal of case, which purports to transfer in excess of $3 million to a total stranger who is not and equity security holder, and likely owned and/or controlled by Kirk and/or Gao, this will simply perpetuate the continuing fraud that Kirk, Gao and the entities that they own and control have put upon the multiple investors that they have defrauded through the years, in addition to being inconsistent with all of the rules of the Bankruptcy Code.

## III.   ARGUMENT

### A.    <u>Legal Standard Governing Approval Of This Stipulation.</u>

The Bank's objection cites the legal standard for approval of the stipulation directing disposition of sale proceeds and dismissal of case as to be analyzed under Bankruptcy Code Sections §§ 105 and 349(b), Federal Rule of Bankruptcy Procedure 9019, and the good faith

1 principle of bankruptcy litigation. Docket No. 65, Pages 2-3. While this all may be considered
2 by this Court, the argument is missing one key detail – the motion to dismiss the case, and the
3 stipulation directing disposition of sale proceeds sought entirely different relief (as the Bank
4 properly points out, the motion to dismiss expressly stated that it did not seek to distribute the
5 funds to equity security holders, while the stipulation seeks to do just that), were filed at
6 completely different times (the motion was properly noticed, the stipulation was not), and as
7 such must be treated separately for legal purposes. This objection is direct at the stipulation to
8 directing disposition of the sale proceeds, not the motion to dismiss.

The issue of who would receive the $3 million in equity left after all creditors were paid was a contested one, with Lucy Gao eventually filing an adversary proceeding claiming Lucy Gao was the true owner of Debtor and all $3 million should go to her. See *Gao v. Atherton Financial Building LLC*, 2:15-ap-01024-TD. The stipulation directing disposition of sale proceeds attempts to settle this contested matter, and as a result it must be analyzed as a compromise of a controversy under Federal Rule of Bankruptcy Procedure 9019(a), 4001(d), 2002(a)(3), Local Bankruptcy Rules ("LBR") 9019-1 and 9071-1, and case law interpreting compromises of controversy in the ninth circuit. As analyzed below, the stipulation does not meet the requirements of any of the above, and therefore this Court should not approve the stipulation.

### B. The Stipulation Fails To Give Proper Notice And Should Therefore Be Denied.

As pointed out above, the motion to dismiss and reply by the Debtor clearly indicate that they do not attempt to resolve the issue of who will be paid the $3 million. See Docket Nos 50 and 54. The stipulation, on the other hand, *does* attempt to resolve this issue as the stipulation states that the $3 million will be wired to a third party with no connection to the case. See Docket No. 63. This stipulation therefore provides for new and different relief, and therefore must be properly noticed for hearing, giving creditors and interested parties time to object. Absent compliance with the procedural requirements for notice, hearing, and court approval, the compromise or settlement is unenforceable. *Cook, Michael L.,* BANKRUPTCY LITIGATION

4

1 MANUAL, 2011-2012 Edition, Aspen Publishers, § 15:02[B] *citing Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 200).  Federal Rule of Bankruptcy Procedure 2002(a)(3) provides for 20 days notice by mail of the hearing on approval of the compromise or settlement of a controversy other than the approval of an agreement pursuant to Rule 4001(d), unless the court for cause shown directs that notice not be sent.

Here, the stipulation was filed on March 6, 2015 with the caption "continued hearing date" March 18, 2015, with no notice of hearing or motion documents accompanied with it. Moreover, this would provide for only twelve (12) days notice, clearly in violation of Rules 2002(a)(3) and 9019.  As such, the stipulation must be denied on procedural grounds alone.

In addition LBR 9071-1(b) requires that the stipulation of the proposed settlement be served on all interested parties in accordance with LBR 9013-1.  LBR 9019-1 states that a written stipulation that resolves all issues must be accompanied by a notice and motion to approve compromise of a controversy, and that failure to comply may lead to sanctions.

Here, the stipulation did not comply with  LBR 9071-1(b) or  LBR 9019-1, and therefore the stipulation should be denied.

### C.    The Stipulation Fails To Meet The Ninth Circuit Test For Approval Of Compromise Of Controversies Under *In Re A & C Properties*.

Should this Court find that notice was proper, the proposed settlement still does not meet the legal requirements to compromise a controversy.  The Debtor here seeks to settle an adversary proceeding and long standing controversy with Lucy Gao over who owns the equity shares of the Debtor, and hence who will received the $3 million left over.  It is undisputed that all creditors, including secured creditors, unsecured creditors, the United States trustee, and the Debtor's counsel, will be paid in full or already have been paid in full.   The next question is who will receive the remaining $3 million.  The bankruptcy code mandates that it go to equity security holders.

However, should Gao prevail in her adversary proceeding that she owns 100% of the Debtor, then the $3 million will go to Gao. The Bank has filed an adversary proceeding that states that the Bank is owed $2.8 million on a personal guarantee by Gao for an obligation of

5

Liberty CMC.  *See Bank SinoPac Los Angeles Branch v. Atherton Financial Building, et. al.*, 2:15-ap-01145-TD.  The Bank alleges in its objection and adversary proceeding that the granting the present stipulation will have the effect of transferring the $3 million to a third party and out of the Bank's reach of Gao.

JD Brothers agrees.  JD Brothers complaint in San Francisco district court listed Lucy Gao as a defendant, along with Benjamin Kirk, and Sunshine Valley, LLC, another purported equity security holder in the Debtor.  See "Exhibit A" attached to the *Declaration of C. Alex Naegele.*

Approval of compromises of controversies is governed by the ninth circuit case *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).  To be approved, the compromise must considered both what is in the best interests of the bankruptcy estate and what is fair and equitable to creditors.  *Cook, Michael L.,* Bankruptcy Litigation Manual, 2011-2012 Edition, Aspen Publishers, § 15:02[D].  The "bests interests of the bankruptcy estate" means what will result in maximum return to creditors.  Here, all creditors claims against the Debtor have been paid in full (including the Bank's claim against the Debtor).  Therefore, the "best interests of the bankruptcy estate" does not strictly apply, since all creditors have been paid off and the estate effectively been administered.

However, under the "fair and equitable" test, looking in the broader purpose behind *In re A & C Properties*, the question becomes what is fair and equitable regarding the distribution of the $3 million to equity security holders in light of the competing claims of the Bank and JD Brothers against the Debtor's equity security holders.

JD Brothers submits that distribution to Lucy Gao or the Debtor's listed equity security holders is far more fair and equitable to the Bank and JD Brothers than distribution to an unknown third party.  This is because the Bank and JD Brothers have claims against the Debtor's insiders and affiliates and distribution to these entities will allow the Bank and JD Brothers to verify where the funds went and obtain charging orders which will allow the Bank and JD Brothers to collect some of the funds owed by the Debtor's insiders and affiliates.

6

Granting the stipulation will essentially effect a fraudulent transfer of the $3 million out of the Bank and JD Brothers' hands to a third party that is most likely controlled or somehow affiliated with Kirk and Gao. This is not "fair and equitable" to the Bank or JD Brothers. In fact, this conduct is exactly the kind of unfair conduct alleged by JD Brothers in its San Francisco district court complaint and is inconsistent with the holding of *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

**IV.    CONCLUSION**

For these reasons, as well as those set out by the Bank in its objection, JD Brothers respectfully requests that this Court deny the stipulation directing disposition of sale proceeds and order that the funds be held by Debtor's counsel until further instructions as to the disposition of these funds can be determined at a later date.

Respectfully submitted.

Dated:  April 17, 2015            **C. ALEX NAEGELE,**
                                  **A PROFESSIONAL LAW CORPORATION**


                                  By: /s/ C. Alex Naegele
                                      C. Alex Naegele
                                      Attorney for Creditor and Interested Party
                                      JD BROTHERS LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 95 South Market Street, Suite 300, San Jose, California, 95113.

A true and correct copy of the foregoing document entitled (*specify*): **JD BROTHERS LLC'S OBJECTION TO STIPULATION DIRECTING DISPOSITION OF SALE PROCEEDS AND DISMISSAL OF CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 17, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Douglas G Boven    dboven@reedsmith.com, gsandoval@reedsmith.com
- Christopher D Crowell    ccrowell@frandzel.com, efiling@frandzel.com, dmoore@frandzel.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com;stephanie@lnbyb.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Laura Palazzolo    laura.palazzolo@berliner.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Reed S Waddell    rwaddell@frandzel.com, efiling@frandzel.com;sking@frandzel.com

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) April 17, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 17, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Thomas B. Donovan
United States Bankruptcy Court
255 E. Temple Street, Suite 1352/Courtroom 1345
Los Angeles, CA, 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2015 | C. Alex Naegele | /s/ C. Alex Naegele |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |