1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   TODD M. ARNOLD (State Bar No. 221868)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone:  (310) 229-1234
4  Facsimile:  (310) 229-1244
   Email: dbg@lnbyb.com; tma@lnbyb.com
5

6  Attorneys for Debtor and Debtor in Possession,
   Atherton Financial Building LLC
7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11

12  In re:                                Case No.: 2:14-bk-27223-TD

13  ATHERTON FINANCIAL BUILDING, LLC,     Chapter 11 Case

14                                        **DEBTOR'S NOTICE OF MOTION AND**
            Debtor and Debtor in Possession.  **MOTION TO APPROVE SETTLEMENT**
15                                        **AND COMPROMISE; MEMORANDUM**
                                          **OF POINTS AND AUTHORITIES AND**
16                                        **DECLARATION OF BENJAMIN KIRK**
                                          **IN SUPPORT THEREOF**
17

18
                                          Hearing:
19                                        Date:   June 3, 2015
                                          Time:  2:00 p.m.
20                                        Place: Courtroom 1345
                                                 255 E. Temple Street
21                                               Los Angeles, CA 90012

22

23

24

25

26

27

28

                                   1

**PLEASE TAKE NOTICE** that a hearing will be held at the above-referenced date, time, and location to consider this motion (the "<u>Motion</u>") by Atherton Financial Building LLC, the debtor and debtor in possession herein (the "<u>Debtor</u>"), for an order to approve settlement and compromise with Bank SinoPac ("<u>Bank</u>") which is set forth in that certain Stipulation for Immediate Entry of Declaratory Judgment (the "<u>Stipulation</u>") attached to the Motion as **Exhibit "A"**.  The foregoing settlement will resolve adversary proceeding 2:15-ap-01145-TD commenced by the Bank (the "<u>Adversary Proceeding</u>") and, further, final resolution and dismissal of this bankruptcy case.

**PLEASE TAKE FURTHER NOTICE** that this Motion is (1) made pursuant to Fed. R. Bankr. P. 9019 and Local Bankruptcy Rule ("<u>LBR</u>") 9013-1 and (2) based on this Notice of Motion and Motion, the annexed memorandum of points and authorities and declaration in support of the Motion, the record in the Bankruptcy Case and Bank Adversary Proceeding, and all other evidence submitted and arguments made in support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), any opposition to the Motion must (1) be in writing and include all reasons and evidence in support of the opposition, (2) be filed at least fourteen (14) days prior to the hearing on the Motion, and (3) be served on the counsel to the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the Court may deem the failure to file a timely opposition to the Motion to constitute consent to the granting of the Motion and the relief requested therein.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

1.    granting the Motion in its entirety;

2.    approving the Stipulation;

3.    entering the Judgment on the Stipulation, which is attached to the Stipulation as Exhibit "3";

4.    authorizing and instructing the Debtor, through its bankruptcy counsel, to pay $1.5 million to the Bank from funds maintained by Debtor's counsel;

1       5.      dismissing the bankruptcy case upon payment of outstanding administrative

2   claims, including professional fees of Debtor's counsel and US Trustee quarterly fees; and

3       6.      affording such further and other relief as is warranted under the circumstances.

Dated: May 13, 2015                          LEVENE, NEALE, BENDER, YOO
                                                & BRILL L.L.P.


                                             By:   _/s/ David B. Golubchik_____
                                                   DAVID B. GOLUBCHIK
                                                   TODD M. ARNOLD
                                             Attorneys for Debtor and Debtor in Possession,
                                             Atherton Financial Building LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

A.      **THE BANKRUPTCY CASE, THE ADVERSARY PROCEEDING, AND RELATED ACTIONS**

On September 9, 2014 (the "Petition Date"), the Debtor filed its Bankruptcy Case.  The Bankruptcy Case was filed to avert imminent foreclosure on the Debtor's primary asset, a piece of commercial real property (the "Property"), and to preserve the value of the Property for the benefit of all creditors and equity holders.

The Debtor's Statement of Financial Affairs (the "SOFA") [Dkt. 13] indicates that four entities own all of the membership interests in the Debtor.  The SOFA does not indicate that Lucy Gao ("Gao") owns any membership interests in the Debtor.  No party objected to information contained in the SOFA regarding membership interests in the Debtor or asserted a membership interest in the Debtor inconsistent with the SOFA.

Soon after the Petition Date, the Debtor filed a motion and obtained Court authority to sell the Property.  [Dkt. 33 (motion) and 46 (order)]  The sale of the Property closed on or about December 8, 2014.  Soon after the closing, the Debtor paid all related secured claims and tax claims.  Pursuant to an order of the Court, the Debtor's bankruptcy counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), held the balance of the sale proceeds in the approximate amount of $3.5 million (the "Funds").

Since the Bankruptcy Case was filed in order to avert foreclosure on the Property pending a sale, once the sale of the Property was completed, the Debtor no longer required bankruptcy protection.  Therefore, on December 24, 2014, the Debtor filed its Motion for Order (1) Authorizing Disbursement of Funds to Creditors; and (2) Dismissal of Bankruptcy Case (the "BK Dismissal Motion") [Dkt. 50].  Pursuant to the BK Dismissal Motion, the Debtor sought authority to pay all unpaid claims from the Funds and entry of an order dismissing the Bankruptcy Case. Gao filed a limited objection to the BK Dismissal Motion asserting that she owned 100% of the membership interests in the Debtor and, therefore, should be paid the balance of the Funds

1   remaining after the payment of all claims [Dkt. 53].  At the hearing, the Court authorized the

2   Debtor to pay all claims of the estate from the Funds, and continued to hearing to consider

3   dismissal of the case.

4       On January 20, 2015, Gao initiated the Gao Adversary Proceeding of <u>Lucy Gao v.</u>

5   <u>Atherton Financial Building LLC</u> (2:15-ap-01024-TD) seeking, <u>inter alia</u>, a declaratory judgment

6   that Gao is the sole member of the Debtor and, therefore, entitled to the balance of the Funds

7   remaining after the payment of amounts authorized by the Court.  This adversary proceeding was

8   subsequently dismissed.

9       On March 6, 2015, the Debtor filed a Stipulation Directing Disposition of Sale Proceeds

10  and Dismissal of Case (the "<u>BK Dismissal Stipulation</u>") [Dkt. 63].  The Dismissal Stipulation,

11  which resolved Gao's objection to the BK Dismissal Motion, provided that, after paying

12  outstanding claims against the Debtor, including fees owed to the Office of the United States

13  Trustee and professional fees and expenses owed to LNBYB, and a retainer to LNBYB for an

14  anticipated bankruptcy filing for an affiliate of the Debtor, (1) the balance of Funds would be paid

15  to PA One, LLC ("<u>PA One</u>") and (2) the Bankruptcy Case would be dismissed.

16      On March 8, 2015, Bank SinoPac Los Angeles Branch (the "<u>Bank</u>") filed an objection to

17  the Dismissal Stipulation (the "<u>BK Dismissal Stipulation Objection</u>") [Dkt. 65].  In the BK

18  Dismissal Stipulation Objection, the Bank asserted Gao owed it in excess of $2.8 million, as

19  asserted in the Bank's complaint against Gao in a state court action for breach of guaranty (the

20  "<u>Bank/Gao Action</u>").  The Bank further asserted that, given Gao's argument of a 100% ownership

21  interest in the Debtor, which the Bank supported, no additional distributions of the Funds should

22  be made pending a determination of Gao's ownership interest in the Debtor, because any funds

23  payable to Gao on account of her ownership interests should be paid to the Bank to satisfy its

24  claims against Gao.  The Bank also asserted that distribution of the Funds to PA One would result

25  in the Bank having numerous claims against the Debtor, Gao, Kirk, and others.

26      On March 17, 2015, the Bank initiated its Bank Adversary Proceeding against the Debtor,

27  Gao, Kirk, other purported membership owners of the Debtor, and PA One asserting five

28  declaratory relief claims and one injunctive relief claim.  In the Bank Adversary Proceeding, the

Bank is seeking, among other things, declaratory relief establishing that Gao owns 100% of the membership interests in the Debtor and, therefore is entitled to the balance of the Funds, and an injunction preventing any further distribution of the Funds pending a determination of the Bank's claims.

On March 23, 2015, the Court entered a further order regarding the BK Dismissal Motion and BK Dismissal Stipulation (the "Second BK Dismissal Order") [Dkt. 69] that (1) authorized LNBYB on behalf of the Debtor to distribute Funds to pay a retainer to LNBYB and to pay other amounts to maintain the estate such as fees, provided that the Debtor had to maintain at least $3.1 million in Funds and (2) continued the hearing on the BK Dismissal Motion to May 22, 2015.

On April 17, 2015, the Debtor filed a motion in the Adversary Proceeding (1) to dismiss certain claims for relief due to lack of subject matter jurisdiction and/or failure to state a claim and (2) for a more definite statement regarding certain claims for relief (the "Adversary Dismissal Motion").  The Adversary Dismissal Motion was originally set for hearing on May 13, 2015, but the parties stipulated to continue the hearing to July 1, 2015 pending efforts to settle the Adversary Proceeding.  The stipulation to continue the hearing on the Adversary Dismissal Motion was approved.

**B.**     **THE SETTLEMENT STIPULATION**

Given the disputes regarding the BK Dismissal Motion and claims asserted in the Bank Adversary Proceeding (the Gao Adversary Proceeding has been dismissed), the parties engaged in arms' length negotiations to resolve such disputes and claims.

On or about May 7, 2015, the parties executed that certain Stipulation for Immediate Entry of Declaratory Judgment In Favor of Bank (the "Settlement Stipulation") resolving various disputes among the parties in regard to the BK Dismissal Motion and claims asserted in the Bank Adversary Proceeding.  A true and correct copy of the Settlement Stipulation is attached hereto as **Exhibit "A."**[1]  The primary terms of the Settlement Stipulation include the following:

---

[1] PA One is the only party in the Bank Adversary Proceeding that is not a party to the Settlement Stipulation.  PA One did not respond to the complaint against it in the Bank Adversary Proceeding, and the Bank obtained a default against PA One.  Nevertheless, PA One was served with notice of the instant Motion.  After the Settlement Stipulation as executed, the parties agreed to amend the Settlement Stipulation as follows: "The deadline of May

- In the Bank Adversary Proceeding, the Court will enter in favor of the Bank the Stipulated Judgment attached to the Settlement Stipulation as Exhibit "3." The Stipulated Judgment provides for, among other things, judgment in favor of the Bank and against all defendants on the Bank's first claim for relief for declaratory relief and payment of $1.5 million of the Funds to the Bank, with such amount representing the amount to which Gao is entitled to based on her equity interest in the Debtor and to which the Bank is entitled pursuant to its judgment and charging order against Gao in the Bank/Gao Action;

- Upon entry of the Stipulated Judgment and the payment of $1.5 million of the Funds to the Bank, the entry of an order dismissing the Bankruptcy Case; and

- With exceptions for Gao, Liberty CMC Corporation, 1595 17th Street LLC, and Progressive Star Management, LLC, and the obligations created under the Settlement Stipulation, effective upon the payment of $1.5 million of the Funds to the Bank, the parties to the stipulation will be deemed to have provided mutual releases to one another;

The Debtor believes that the approval of the Settlement Stipulation is in the overwhelming best interest of the estate. Specifically, as the Court is aware, all claims of the estate have already been satisfied in full from the Funds. The only remaining claims are those of the Debtor's counsel and the US Trustee. The only other interests that remain are equity interests. Pursuant to the Settlement Stipulation, all administrative claims will be paid in full, the Bank will receive its $1.5 million from Ms. Gao's portion of the equity in the Debtor and the case will be dismissed, without the need to incur additional time and expense in connection with the administration of this estate.

---

30, 2015, contained in paragraphs 5 and 6 of the [Settlement Stipulation] are changed to June 19, 2015, and the remaining hearings on calendar on May 22, 2015, shall be continued to a date thereafter."

## II.

## DISCUSSION

**A.**   **THE COURT SHOULD APPROVE THE SETTLEMENT STIPULATION PURSUANT TO RULE 9019(a)**

**1.**   **THE STANDARD FOR APPROVAL OF THE SETTLEMENT STIPULATION**

Rule 9019(a) provides that:

> On motion by the [debtor in possession] and after notice and hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in [Bankruptcy Rule] 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986). Accordingly, in approving a compromise, the court need not conduct an exhaustive investigation of the claims sought to be compromised. See United States v. Alaska National Bank (In re Walsh Constr., Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find that the compromise was negotiated in good faith and is reasonable, fair, and equitable. See In re A & C Properties, 784 F.2d at 1381.

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed compromise agreement is reasonable, fair, and equitable:

　　　　(a)　　the probability of success in the litigation;

1      (b)    the difficulties, if any, to be encountered in the matter of collection;

2      (c)    the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

3      (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

4

5  In re A & C Properties, 784 F.2d at 1381.

6      Consideration of these factors does not require the court to determine whether a

7  compromise presented is the best one that could possibly have been achieved.  Rather, the court

8  need only canvass the issues to determine whether the compromise falls "below the lowest point

9  in the zone of reasonableness."  Newman v. Stein, 464 F.2d 689, 698 (2d Cir. 1972) (emphasis

10  added), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039 (1972); see also Anaconda-

11  Ericsson Inc. v. Hessen (In re Teltronics Services, Inc.), 762 F.2d 185, 189 (2d Cir. 1985); Cosoff

12  v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied 464 U.S. 822

13  (1983).  Finally, although the court should give deference to the reasonable views of creditors,

14  "objections do not rule.  It is well established that compromises are favored in bankruptcy."  In re

15  Lee Way Holding Co., 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

16      **2.**    **THE STANDARD FOR APPROVAL OF THE SETTLEMENT HAS BEEN**

17      **SATISFIED**

18      **a.**    **THE PROBABILITY OF SUCCESS IN THE LITIGATION**

19      Although the Debtor is named as a defendant in the litigation, in reality, this is an equity

20  dispute.  All creditor claims (other than certain administrative claims) have been satisfied in full

21  and the balance of the property belongs to equity.  Equity has reached an agreement with the

22  Bank for distribution of estate funds and dismissal of this case.  The Debtor believes that the

23  issues of success in the litigation do not apply to the Debtor; however, costs associated with

24  litigation and keeping the case open do impact the Debtor negatively.  A settlement resolves all

25  such issues.

26      **b.**    **THE DIFFICULTIES, IF ANY, TO BE ENCOUNTERED IN THE**

27      **MATTER OF COLLECTION**

28

1    The Debtor submits that this is not an issue since Debtor's counsel is holding funds that

2    would be paid out to third parties.

3    **c.**    **THE COMPLEXITY OF THE LITIGATION INVOLVED, AND THE**

4    **EXPENSE, INCONVENIENCE, AND DELAY NECESSARILY**

5    **ATTENDING IT**

6    The discussion in subsection (a) above is incorporated herein by this reference.

7    **d.**    **THE PARAMOUNT INTEREST OF THE CREDITORS AND A**

8    **PROPER DEFERENCE TO THEIR REASONABLE VIEWS IN THE**

9    **PREMISES**

10    As discussed, all creditor claims of the estate (other than certain administrative claims)

11    have been paid and there are no additional claims.  The only creditors are the administrative

12    creditors who will be paid in connection with the approval of this Motion.  The interests of such

13    creditors support the granting of the Motion.

14    In consideration of the foregoing, the Debtor submits that the settlement and compromise

15    set forth in the Settlement Stipulation should be approved by the Court pursuant to Rule 9019(a).

16

17    **III.**

18    **CONCLUSION**

19    **WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

20    1.    granting the Motion in its entirety;

21    2.    approving the Stipulation;

22    3.    entering the Judgment on the Stipulation, which is attached to the Stipulation as

23    Exhibit "3";

24    4.    authorizing and instructing the Debtor, through its bankruptcy counsel, to pay $1.5

25    million to the Bank from funds maintained by Debtor's counsel;

26    5.    dismissing the bankruptcy case upon payment of outstanding administrative

27    claims, including professional fees of Debtor's counsel and US Trustee quarterly fees; and

///

28

1      6.    affording such further and other relief as is warranted under the circumstances.

2

Dated: May 13, 2015                LEVENE, NEALE, BENDER, YOO

3                                  & BRILL L.L.P.

4                          By: ___*/s/ David B. Golubchik*___

5                               DAVID B. GOLUBCHIK
                               TODD M. ARNOLD

6                        Attorneys for Debtor and Debtor in Possession,

7                        Atherton Financial Building LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF BENJAMIN KIRK</u>

I, Benjamin Kirk, hereby declare as follows:

1.      I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the managing member or otherwise authorized to act on behalf of Sunshine Valley, LLC, Great Vista Real Estate Investment Corporation, American REO Solutions, LLC, and Washington Capital Management Services, LLC, all of which have an ownership interest in Atherton Financial Building, LLC, the debtor and debtor in possession herein (the "Debtor"). I also manage the operations of the Debtor.

3.      I make this Declaration in support of the Motion to which this declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Motion.

4.      On or about May 7, 2015, the parties executed that certain Stipulation for Immediate Entry of Declaratory Judgment In Favor of Bank (the "<u>Settlement Stipulation</u>") resolving various disputes among the parties in regard to the BK Dismissal Motion and claims asserted in the Bank Adversary Proceeding. A true and correct copy of the Settlement Stipulation is attached hereto as **Exhibit "A."**[2] The primary terms of the Settlement Stipulation include the following:

> •      In the Bank Adversary Proceeding, the Court will enter in favor of the Bank the Stipulated Judgment attached to the Settlement Stipulation as Exhibit "3." The Stipulated Judgment provides for, among other things, judgment in favor of the Bank and against all defendants on the Bank's first claim for relief for declaratory relief and

---

[2] PA One is the only party in the Bank Adversary Proceeding that is not a party to the Settlement Stipulation. PA One did not respond to the complaint against it in the Bank Adversary Proceeding, and the Bank obtained a default against PA One. Nevertheless, PA One was served with notice of the instant Motion. After the Settlement Stipulation as executed, the parties agreed to amend the Settlement Stipulation as follows: "The deadline of May 30, 2015, contained in paragraphs 5 and 6 of the [Settlement Stipulation] are changed to June 19, 2015, and the remaining hearings on calendar on May 22, 2015, shall be continued to a date thereafter."

payment of $1.5 million of the Funds to the Bank, with such amount representing the amount to which Gao is entitled to based on her equity interest in the Debtor and to which the Bank is entitled pursuant to its judgment and charging order against Gao in the Bank Action;

- Upon entry of the Stipulated Judgment and the payment of $1.5 million of the Funds to the Bank, the entry of an order dismissing the Bankruptcy Case; and

- With exceptions for Gao, Liberty CMC Corporation, 1595 17th Street LLC, and Progressive Star Management, LLC, and the obligations created under the Settlement Stipulation, effective upon the payment of $1.5 million of the Funds to the Bank, the parties to the stipulation will be deemed to have provided mutual releases to one another;

5.      I believe that the approval of the Settlement Stipulation is in the overwhelming best interest of the estate. Specifically, as the Court is aware, all claims of the estate have already been satisfied in full from the Funds. The only remaining claims are those of the Debtor's counsel and the US Trustee. The only other interests that remain are equity interests.

6.      Pursuant to the compromise herein and approval of the Motion, all administrative claims will be paid in full, the Bank will receive its $1.5 million from Ms. Gao's portion of the equity in the Debtor and the case will be dismissed, without the need to incur additional time and expense in connection with the administration of this estate.

7.      Based on the foregoing, I respectfully request that the Court approve the Motion in its entirety.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of May 2015, at West Covina, California.

Benjamin Kirk

**EXHIBIT "A"**

Michael Gerard Fletcher (State Bar No. 70849)
  mfletcher@frandzel.com
Bob Benjy (State Bar No. 211569)
  bbenjy@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard, Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff BANK SINOPAC LOS
ANGELES BRANCH

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:14-bk-27223-TD |
| ATHERTON FINANCIAL BUILDING LLC, a California limited liability company, | Chapter 11 |
| Debtor. | |
| BANK SINOPAC LOS ANGELES BRANCH, | Adv. No.  2:15-ap-01145-TD |
| Plaintiff, | **STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH** |
| v. | |
| ATHERTON FINANCIAL BUILDING LLC, a California limited liability company; LUCY GAO, an individual; BENJAMIN KIRK, an individual; SUNSHINE VALLEY, LLC, a California limited liability company; GREAT VISTA REAL ESTATE INVESTMENT CORPORATION, a California corporation; AMERICAN REO SOLUTIONS LLC, a Delaware limited liability company; WASHINGTON CAPITAL MANAGEMENT SERVICES LLC, a Delaware limited liability company; and PA ONE, LLC, a California limited liability company, | |
| Defendants. | |

1809902.3 | 100158-0032

1

1    TO:    THE HONORABLE THOMAS DONOVAN, JUDGE OF THE UNITED

2    STATES BANKRUPTCY COURT.

3

4        Plaintiff, Bank SinoPac Los Angeles Branch ("Plaintiff"), on the one hand, and defendants,

5    Atherton Financial Building LLC, a California limited liability company ("Atherton"), Lucy Gao

6    ("Gao"), Benjamin Kirk ("Kirk"), Sunshine Valley, LLC, a California limited liability company

7    ("Sunshine"), Great Vista Real Estate Investment Corporation, a California corporation ("Great

8    Vista"), American REO Solutions LLC, a Delaware limited liability company ("American REO"),

9    Washington Capital Management Services LLC, a Delaware limited liability company

10    ("Washington CMS", collectively with Atherton, Gao, Kirk, Sunshine, Great Vista, American

11    REO and Washington CMS, "Defendants"), on the other hand, stipulate and agree as follows:

12

13

14                    **RECITALS**

15        WHEREAS Atherton's counsel, Levene, Neale, Bender, Yoo & Brill L.L.P. ("Levene"), is

16    presently entrusted with the sum of approximately $3.1 million on behalf of Atherton in

17    connection with the sale of Atherton's property (the "Sale Proceeds"), pursuant to, among other

18    things, an "Order Re: Motion for Order (1) Authorizing Disbursement of Funds to Creditors; and

19    (2) Dismissal of Bankruptcy Case" (entered on March 23, 2015, in *In re Atherton Financial*

20    *Building, LLC*, USBC C.D. Cal., Case No. 2:14-bk-27223-TD) (a true and correct copy of which

21    is attached hereto as **Exhibit "1"** and is incorporated herein by this reference);

22        WHEREAS Atherton has paid all of its creditors and administrative claimants;

23        WHEREAS the Defendants, and/or some of them, have made conflicting claims to own or

24    to be able to control the membership interests in Atherton, and/or the equity therein, and/or the

25    Sale Proceeds, which conflicting claim are disputed by Plaintiff;

26        WHEREAS Plaintiff is a judgment creditor of Gao in a state court action captioned as

27    *Bank SinoPac v. Gao* (Los Angeles County Superior Court  Case No. VC064502) (the "State

28    Action"), and Plaintiff was awarded a money judgment against Gao on April 3, 2015, in the State

1809902.3 | 100158-0032                                  2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  Action, in the total sum of $2,897,396.28 (the "State Judgment"), a true and correct copy of which

2  is attached hereto as **Exhibit "2"** and is incorporated herein by this reference;

3        WHEREAS, on or about April 15, 2015, Plaintiff filed and served its application in the

4  state court handling the State Action for a charging order over Gao and her interests in Atherton

5  which created a lien over Gao's membership interests in Atherton, if any, for payment of some or

6  all of the State Judgment under and pursuant to California law (*See* California Code of Civil

7  Procedure § 708.320(a)) ("Charging Order");

8        WHEREAS, the parties hereto have recognized and represent to each other that outcomes

9  in litigation are almost always subject to some uncertainty, and that litigating this matter to

10  completion would entail not only the uncertainties of the outcome of litigation, but the incursion

11  of fees, costs, and expenses, and the delays attendant on litigating a matter to a final judgment. For

12  those reasons Plaintiff and the Defendants have concluded that a negotiated resolution of their

13  disputes and differences would be a reasonable and desirable outcome to this litigation, and now

14  desire to effectuate a settlement of all of the claims in this adversary proceeding, on the terms,

15  covenants, and conditions set forth herein.

16

17  **STIPULATION**

18      IT IS STIPULATED AND AGREED that:

19      1.   Stipulated Declaratory Judgment. A Declaratory Judgment, in the form attached

20  hereto as **Exhibit "3"** should be entered in this action in favor of Plaintiff, against all Defendants,

21  on the First Claim for Relief, declaring that:

22        (a)   Gao has an equity interest in Atherton under which Gao is entitled to an

23  immediate equity distribution from Atherton in the sum of One Million Five Hundred Thousand

24  Dollars ($1,500,000.00) from the Sale Proceeds ("Gao Distribution"), which Gao Distribution is

25  subject to the State Judgment and Plaintiff's rights under the Charging Order; and,

26        (c) Pursuant to the Charging Order, Plaintiff is entitled to receive Gao's $1,500,000

27  portion of the equity distribution from Atherton.

28      2.   Dismissal of Bankruptcy. Immediately upon the entry of the Declaratory Judgment

1809902.3 | 100158-0032         3

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1 and payment to the Bank of the Gao Distribution, this bankruptcy case will, and shall be,

2 dismissed.

3     3.   <u>Judgment Waivers</u>. Defendants knowingly and voluntarily execute this Stipulation

4 for Immediate Entry of Declaratory Judgment in Favor of Plaintiff Bank SinoPac Los Angeles

5 Branch ("<u>Stipulation</u>") and waive any and all findings of fact and conclusions of law with the

6 respect to the entry of the Declaratory Judgment and further waive the right to appeal, file a

7 motion for a new trial, or in any way attempt to set aside this Stipulation and/or the Declaratory

8 Judgment.

9     4.   <u>Conditions Precedent</u>. Each of the following and the timely satisfaction of each

10 are and shall be express conditions precedent to the effectiveness of this Stipulation.

11       (a)   Execution and delivery of this Stipulation by each of the signatories for

12 whom a signature block is provided below.

13     5.   <u>Motion to Approve</u>. The stipulated Declaratory Judgment shall be entered

14 forthwith. In that regard, Atherton and Gao shall immediately file all necessary moving papers

15 with the Bankruptcy Court to obtain a timely order approving the compromise memorialized in

16 this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019. The motion shall be set

17 for hearing on or before May 30, 2015, and if possible at the same time as the status conference in

18 this adversary proceeding on May 22, 2015. Further, Atherton shall continue for hearing until on

19 or after August 1, 2015, the motion to dismiss the Bank Adversary Complaint that Atherton has

20 filed, to give time for all of the deadlines set forth herein to be met. Bank may otherwise

21 immediately file the fully executed Declaratory Judgment Stipulation to obtain entry of judgment

22 in connection therewith.

23     6.   <u>Turn Over</u>. As soon as possible after execution of this Stipulation, and the entry of

24 an order approving this Stipulation, but in no case later than May 30, 2015 ("<u>Turn Over Date</u>"),

25 Atherton and Gao shall cause, and all of the Defendants hereby instruct, Levene to deliver to

26 Plaintiff, in immediately available funds by wire transfer as instructed by Plaintiff, the entirety of

27 the Gao Distribution. Plaintiff, in the exercise of its sole opinion and judgment, may extend such

28 Turn Over Date from time to time.

7.    <u>Mutual Limited Releases.</u>

(a)    Effective upon Plaintiff's receipt of the Gao Distribution, and except as to the obligations imposed upon any party to this Stipulation, none of which are intended to be released, Plaintiff, on the one hand, and Defendants, on the other hand (but excluding from this release for all purposes Gao; Liberty CMC Corporation, a California corporation ("<u>Liberty</u>"); 1595 17th Street LLC, a California limited liability company ("<u>17th Street</u>"); and Progressive Star Management LLC, a California limited liability company ("<u>Progressive</u>")), on behalf of themselves, their respective successors and assigns, and each of them (for purposes of this release hereinafter referred to individually and collectively as the "<u>Releasing Parties</u>"), do each hereby forever relieve, release, acquit and discharge each other, including its officers, directors, attorneys, accountants, employees,  predecessors, successors, and assigns, and each of them (collectively, the "<u>Released Parties</u>"), from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs and expenses (including, but not limited to, attorneys' fees), damages, injuries, actions and causes of action, of whatever kind or nature, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, which the Releasing Parties, or any of them, now own or hold or have at any time heretofore owned or held or may at any time hereafter own or hold against the Released Parties, or any of them, by reason of any acts, facts, transactions or any circumstances whatsoever occurring or existing through the date of this Stipulation concerning this adversary proceeding and/or the subject matter hereof.

(b)    As to the matters released herein, the Releasing Parties, and each of them, expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

(c)    The Releasing Parties each expressly waive and release any right or benefit which they have or may have under Section 1542 of the Civil Code of the State of California, and any similar law of any state, territory, commonwealth or possession of the United States, or the United

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

1    States, to the full extent that they may waive all such rights and benefits pertaining to the matters

2    released herein.  In connection with such waiver and relinquishment, each of the Releasing Parties

3    acknowledge that they are aware that they may hereafter discover claims presently unknown or

4    unsuspected, or facts in addition to or different from those which they now know or believe to be

5    true.  Nevertheless, it is the intention of the Releasing Parties, through this Stipulation, to fully,

6    finally and forever release all such matters, and all claims relative thereto, which do now exist,

7    may exist, or heretofore have existed.  In furtherance of such intention, the release herein given

8    shall be and remain in effect as a full and complete release of such matters notwithstanding the

9    discovery or existence of any such additional or different claims or facts relative thereto.

10        8.    Events of Default.  Each of the following shall be deemed to constitute an "Event

11   of Default" hereunder:

12        (a)    The failure to timely deliver the entire Gao Distribution to Plaintiff;

13        (b)    Any parties breach of any covenant or obligation set forth in this

14   Stipulation.

15        9.    Remedies Upon Occurrence of an Event of Default.

16        (a)    If any of the default events specified in this Stipulation occur, the non-

17   defaulting Party or Parties may, in their sole and absolute discretion, declare the defaulting Party

18   or Parties to be in default of their obligations hereunder with no further opportunity to cure.

19        (b)    The releases set forth in this Stipulation shall survive any Event of Default

20   that may occur under this Stipulation.

21        10.    Miscellaneous Provisions.

22        (a)    The parties hereto (with the exception of Gao) shall be responsible to bear

23   their own attorneys' fees and costs in connection with this Adversary Action.

24        (b)    This Stipulation and all documents and instruments executed in connection

25   herewith shall be binding upon and inure to the benefit of the Parties and their respective

26   successors and assignors, assigns, partners, attorneys, accountants, heirs, executors,

27   administrators, trustees, and trustees in bankruptcy.

28        (c)    In the event of litigation concerning the terms and conditions of this

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1 Stipulation and/or any and all documents executed in connection herewith, the prevailing party in

2 such litigation shall be entitled to its or his reasonable attorneys' fees and costs incurred in such

3 litigation.

4     (d)    This Stipulation was not drafted by any one party and shall not be construed

5 or interpreted against any one party hereto.

6     (e)    This Stipulation is the entire agreement between the respective parties

7 hereto with respect to the subject matter hereof, and no amendment, change, modification,

8 alteration or waiver of this Stipulation or any provision hereof shall be valid except when it is

9 made in writing and duly signed by all of the Parties.

10     (f)    This Stipulation , and any other document required by Plaintiff hereunder,

11 constitutes a single, integrated written contract expressing the entire agreement of the parties

12 hereto relative to the subject matter hereof. No covenants, agreements, representations, or

13 warranties of any kind whatsoever have been made by any party hereto with respect to the subject

14 matter hereof, except as specifically set forth in this Stipulation, or in the agreements referenced

15 herein. This Stipulation is intended to be final and binding against Defendants, and Defendants

16 acknowledge that Plaintiff is expressly relying on the finality of this Stipulation as a substantial,

17 material factor inducing Plaintiff's execution of this Stipulation. Defendants have the full right

18 and authority to enter into this Stipulation, and the officer(s), agent(s) or other representative(s)

19 executing this Stipulation on behalf of Defendants, have the full right and authority to fully

20 commit and bind Defendants, as applicable, to this Stipulation. The parties to this Stipulation

21 acknowledge to each other that each such party is a sophisticated party and business entity with

22 sophisticated and experienced personnel and legal counsel. Each party is aware of the ruling of the

23 California Supreme Court in the case of *Riverisland Cold Storage, Inc., et al. v. Fresno-Madera*

24 *Production Credit Association* (2013) 55 Cal. 4th 1169, and waives such ruling to the greatest

25 extent permissible to do so in the implementation of and in the enforcement of this Stipulation.

26     (g)    No covenants, agreements, representations, or warranties of any kind

27 whatsoever have been made by any Party, except as specifically set forth in this Stipulation, or any

28 and all documents and instruments executed in connection herewith.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1         (h)     If any provision of this Stipulation, or any documents executed in

2 connection herewith, is found to be illegal, invalid, or unenforceable under present or future laws

3 in effect during the term of this Stipulation, this Stipulation shall be construed and enforced as if

4 such illegal, invalid, or unenforceable provision never comprised a part of this Stipulation, and the

5 remaining provisions of this Stipulation shall remain in full force and effect, unless it would be

6 impossible to accomplish the intent of this Stipulation after the illegal, invalid, or unenforceable

7 provisions are severed from this Stipulation.

8         (i)     Nothing contained in this Stipulation is intended to nor shall be construed or

9 deemed to confer any rights, powers, or privileges in any person, firm, partnership, corporation,

10 trust, association, or other entity not an express party hereto or any assignee or successor in

11 interest to the Parties.

12         (j)     This Stipulation is an arms-length transactions and has been duly negotiated

13 by and between the Parties and their counsel and is not entered into as a result of duress, undue

14 influence, coercion, unclean hands, or any other legal theory which could be alleged at law or in

15 equity. The Parties, and each of them, have had the opportunity to consult with attorneys of their

16 own choosing and have entered into this Stipulation freely and voluntarily after consulting with

17 their attorneys.

18         (k)     This Stipulation may be executed by facsimile in one or more counterparts,

19 but all of the counterparts shall together constitute one agreement. A facsimile signature shall be

20 deemed to be an original signature on this Stipulation as if it was an ink signed document.

21         (l)     In the event that any action, suit or any proceeding is instituted to remedy,

22 prevent or obtain relief from a breach of this Stipulation, arising out of a breach of this Stipulation,

23 or is instituted to contest the validity of this Stipulation or to attempt to rescind, negate, modify or

24 reform this Stipulation, or any of the terms hereof, or any of the matters referred to herein, the

25 prevailing party shall recover all of that party's reasonable attorneys' fees incurred in each such

26 action, suit or other proceeding including any and all appeals or petitions there from, whether or

27 not suit is filed.

28         (m)     The waiver of any existing or future default by any Party or of any of the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1    terms of this Stipulation shall not be deemed a waiver of any future default or term.

2          (n)      Except as otherwise set forth herein, all agreements, representations, and

3    warranties made herein shall survive the execution and delivery of this Stipulation.

4          (o)      Time is of the essence in the performance of obligations under the terms of

5    this Stipulation and all deadlines specified herein shall be strictly construed.

6          (p)      Except as expressly provided herein, nothing contained in this Stipulation is

7    intended, nor shall it be construed or deemed to confer any rights, powers or privileges on any

8    person, firm, partnership, corporation or other entity not an express party hereto or a successor in

9    interest, or a person or entity being released pursuant to Sections 5, above.

10          (q)      The Parties expressly acknowledge and agree that time is of the essence and

11    that all deadlines and time periods provided for under this Stipulation are ABSOLUTE AND

12    FINAL.

13

14       WHEREFORE, the parties hereto have executed this Stipulation as of April 27, 2015, and

15    respectfully request that the Court so order.

16

17    DATED: April ___, 2015            BANK SINOPAC LOS ANGELES BRANCH

18

19

20                     By: _____

21                        Name: THOMAS KAO

22                        Its: SENIOR VICE PRESIDENT/GENERAL MANAGER

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000



DATED: ~~April~~ May 7, 2015

ATHERTON FINANCIAL BUILDING LLC,
a California limited liability company

By:
Name:
Its:

DATED: ~~April~~ May 7, 2015

LUCY GAO, individually

DATED: ~~April~~ May 7, 2015

BENJAMIN KIRK, individually

DATED: ~~April~~ May 7, 2015

SUNSHINE VALLEY, LLC,
a California limited liability company

By:
BENJAMIN KIRK
Its: Managing Member

DATED: ~~April~~ May 7, 2015

GREAT VISTA REAL ESTATE INVESTMENT
CORPORATION, a California corporation

By:
Name:
Its:

DATED: ~~April~~ May 7, 2015

AMERICAN REO SOLUTIONS LLC,
a Delaware limited liability company

By:
Name:
Its:

DATED: ~~April~~ May 7, 2015

WASHINGTON CAPITAL MANAGEMENT
SERVICES LLC, a Delaware limited liability company

FRANDZE
L ROBINS
BLOOM &
CSATO, L.
C.
6500 WILSHIRE
BOULEVARD,
17TH FLOOR
LOS ANGELES,
CALIFORNIA
90048-4920
(323) 852-1000

1809902.3 | 100158-0032

10

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH



By:

Name:

Its:

FRANDZE
L ROBINS
BLOOM &
CSATO, L.
C.
6500 WILSHIRE
BOULEVARD,
17TH FLOOR
LOS ANGELES,
CALIFORNIA
90048-4920
(323) 852-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1809902.3 | 100158-0032

11

STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF
PLAINTIFF BANK SINOPAC LOS ANGELES BRANCH

# EXHIBIT 1

1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   JEFFREY S. KWONG (State Bar No. 288239)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244
5  Email: DBG@LNBYB.COM; JSK@LNBYB.COM

6  Attorneys for Debtor and
7  Debtor in Possession

```
┌─────────────────────────────────┐
│      FILED & ENTERED             │
│                                  │
│         MAR 23 2015              │
│                                  │
│   CLERK U.S. BANKRUPTCY COURT    │
│   Central District of California │
│   BY penning  DEPUTY CLERK       │
└─────────────────────────────────┘
```

8                 UNITED STATES BANKRUPTCY COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
                        LOS ANGELES DIVISION

10

11
   In re:                                  ) Case No.: 2:14-bk-27223-TD
12                                          )
   ATHERTON FINANCIAL BUILDING, LLC,        ) Chapter 11 Case
13                                          )
          Debtor and Debtor in Possession.  )
14                                          ) ORDER RE: MOTION FOR ORDER (1)
                                            ) AUTHORIZING DISBURSEMENT OF
15                                          ) FUNDS TO CREDITORS; AND (2)
                                            ) DISMISSAL OF BANKRUPTCY CASE
16                                          )
                                            ) Hearing:
17                                          ) Date:  March 18, 2015
                                            ) Time:  2:00 p.m.
18                                          ) Place: Courtroom 1345
                                            )        255 E. Temple Street
19                                          )        Los Angeles, CA 90012
                                            )
20                                          )
                                            )
21                                          )
                                            )
22                                          )
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
                                            )
26                                          )
                                            )
27                                          )
                                            )
28

                                    1

A continued hearing was held on March 18, 2015 at 2:00 p.m. to consider the Motion For Order (1) Authorizing Disbursement Of Funds To Creditors; And (2) Dismissal Of Bankruptcy Case ("Motion") filed by Atherton Financial Building, LLC (the "Debtor"). Appearances were as set forth on the Court's record.

This Court, having considered the Motion and all evidence and other documents filed in support of the Motion, the "Stipulation Directing Disposition Of Sale Proceeds And Dismissal Of Case" ("Stipulation"), the opposition to the Stipulation filed by SinoPac, the new adversary proceeding commenced by SinoPac against the Debtor and other persons and entities, the statements and representations of counsel made at the hearing, the entire record in the Debtor's bankruptcy case, and good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Debtor is authorized to release $50,000 to Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") to fund a retainer for the Chapter 11 bankruptcy case for the Debtor's affiliate, 544 San Antonio Road, LLC;

2.    The Debtor is authorized to use estate funds for maintaining the estate, including payment of U.S. Trustee quarterly fees, provided that a balance of not less than $3,100,000 remain in the estate from the sale proceeds, and be held by LNBYB, pending further order of this Court; and

3.    The hearing to consider dismissal of the Debtor's bankruptcy case is hereby continued to May 22, 2015 at 2:00 p.m.

# # #

Date: March 23, 2015

Thomas B. Donovan
United States Bankruptcy Judge

2

# EXHIBIT 2

1 | Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
2 | Marshall J. August (State Bar No. 105361)
maugust@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
4 | Seventeenth Floor
Los Angeles, California 90048-4920
5 | Telephone: (323) 852-1000
Facsimile: (323) 651-2577
6 |

7 | Attorneys for Plaintiff, BANK SINOPAC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2015

Sherri R. Carter, Executive Officer/Clerk
By Frances Palumbo, Deputy

8 |                    SUPERIOR COURT OF CALIFORNIA

9 |          COUNTY OF LOS ANGELES, SOUTHEAST DISTRICT

10 |

11 | BANK SINOPAC,                        CASE No. VC 064502

12 |            Plaintiff,               JUDGMENT BY COURT AFTER
                                         DEFAULT
13 |
    v.
14 |
    LUCY GAO; and DOES 1 through 25,
15 | Inclusive,

16 |            Defendants.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1770941.1 | 100158-0032                      1
                        JUDGMENT BY COURT AFTER DEFAULT

1    This cause came ~~to be heard~~ *By declaration* before the Honorable _Judge Margaret M. Bernal_, in

2    Department _SEF_ of the above-entitled court on _4-3-15_ by

3    submission of the attorneys of record for plaintiff BANK SINOPAC ("Plaintiff" or "Bank")

4    Frandzel Robins Bloom & Csato, L.C. and it appearing that defendant LUCY GAO, having been

5    regularly served with process, having failed to appear and answer the plaintiff's complaint filed

6    herein on December 24, 2014, and the default of said defendant having been entered and evidence

7    having been *submitted to* ~~introduced in open session of~~ this court ~~or having~~ *and having* been considered by the court:

8        IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff, BANK

9    SINOPAC,  shall recover from defendant LUCY GAO, the principal amount of $2,799,656.25,

10    plus accrued interest in the sum of $62,603.42 through March 3, 2015, plus additional interest at

11    the rate of $680.47 per day from March 4, 2015 through March 9, 2015 in the sum of $4,082.82,

12    for a total interest amount in the sum of $66,686.24, plus attorneys' fees of $30,512.60, and costs

13    of suit in the sum of $541.19, for a total judgment sum of $2,897,396.28,  together with interest on

14    said judgment as provided by law.

15        The Clerk is ordered to enter the Judgment.

16                                                          _Judge Margaret M. Bernal_

17    DATED:    APR 0 3 2015          _____

18                                                 JUDGE OF THE SUPERIOR COURT

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1770941.1 | 100158-0032

2

JUDGMENT BY COURT AFTER DEFAULT

# EXHIBIT 3



1 | Michael Gerard Fletcher (State Bar No. 70849)
   mfletcher@frandzel.com
2 | Bob Benjy (State Bar No. 211569)
   bbenjy@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard, Seventeenth Floor
4 | Los Angeles, California 90048-4920
   Telephone: (323) 852-1000
5 | Facsimile: (323) 651-2577

6 | Attorneys for Plaintiff BANK SINOPAC LOS
   ANGELES BRANCH
7 |

8 |              UNITED STATES BANKRUPTCY COURT

9 |              CENTRAL DISTRICT OF CALIFORNIA

10 |                LOS ANGELES DIVISION

11 | In re                                    | Case No. 2:14-bk-27223-TD

12 | ATHERTON FINANCIAL BUILDING LLC,          | Chapter 11
   | a California limited liability company,
13 |
   |                Debtor.
14 |

15 | BANK SINOPAC LOS ANGELES                  | Adv. No. 2:15-ap-01145-TD
   | BRANCH,
16 |
   |                Plaintiff,                 | **[PROPOSED] JUDGMENT ON
17 |                                           | STIPULATION FOR IMMEDIATE
   |           v.                              | ENTRY OF DECLARATORY
18 |                                           | JUDGMENT IN FAVOR OF PLAINTIFF
   | ATHERTON FINANCIAL BUILDING LLC,          | BANK SINOPAC LOS ANGELES
19 | a California limited liability company; LUCY | BRANCH**
   | GAO, an individual; BENJAMIN KIRK, an
20 | individual; SUNSHINE VALLEY, LLC, a
   | California limited liability company; GREAT
21 | VISTA REAL ESTATE INVESTMENT
   | CORPORATION, a California corporation;
22 | AMERICAN REO SOLUTIONS LLC, a
   | Delaware limited liability company;
23 | WASHINGTON CAPITAL MANAGEMENT
   | SERVICES LLC, a Delaware limited liability
24 | company; and PA ONE, LLC, a California
   | limited liability company,
25 |
   |                Defendants.
26 |

27 |

28 |

1810731.1 | 100158-0032                        1
[PROPOSED] JUDGMENT ON STIPULATION FOR IMMEDIATE ENTRY OF DECLARATORY JUDGMENT

1    Pursuant to the Stipulation for Immediate Entry of Declaratory Judgment in Favor of

2  Plaintiff Bank SinoPac, Los Angeles Branch ("Stipulation"), on file herein, the Court finds good

3  cause exists to approve the Stipulation and enters this judgment in the above-entitled adversary

4  proceeding:

5    IT IS ORDERED, ADJUDGED, DECREED, and DECLARED that:

6    (a)    This judgment should be entered in this action in favor of Plaintiff, and

7  against all Defendants, on the First Claim for Relief in this adversary proceeding, declaring that:

8    (b)    Lucy Gao ("Gao") has an equity interest in debtor Atherton Financial

9  Building, LLC ("Atherton"), under which Gao is entitled to an immediate equity distribution from

10  Atherton in the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) from the

11  Sale Proceeds[1] ("Gao Distribution"), which Gao Distribution is subject to the State Judgment and

12  Plaintiff's rights under the Charging Order; and,

13    (c)    Pursuant to the Charging Order, Plaintiff Bank SinoPac, Los Angeles

14  Branch ("Bank") is entitled to receive Gao's $1,500,000.00 portion of the equity distribution from

15  Atherton.

16    (d)    Counsel for Atherton, Levene, Neale, Bender, Yoo & Brill L.L.P., shall

17  wire transfer the Gao Distribution to Plaintiff Bank.

18

19  DATED: _____ ___, 2015

20

21    _____

22    UNITED STATES BANKRUPTCY JUDGE

23

24

25

26  _____

27    [1] All defined terms have the meaning set forth in the Stipulation.

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA, 90048-4920
(323) 852-1000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT AND COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BENJAMIN KIRK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 13, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyb.com
- Douglas G Boven    dboven@reedsmith.com, gsandoval@reedsmith.com
- Christopher D Crowell    ccrowell@frandzel.com, efiling@frandzel.com,dmoore@frandzel.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Charles Alex Naegele    alex@canlawcorp.com, alexnaegelelaw@gmail.com
- Queenie K Ng    queenie.k.ng@usdoj.gov, dare.law@usdoj.gov
- Laura Palazzolo    laura.palazzolo@berliner.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Reed S Waddell    rwaddell@frandzel.com, efiling@frandzel.com;sking@frandzel.com

**2.   SERVED BY UNITED STATES MAIL**: On **May 13, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 13, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served By Attorney Service***
Hon. Thomas B. Donovan
United States Bankruptcy Court
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 13, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:14-bk-27223-TD
Central District Of California
Los Angeles
Wed Dec 24 11:11:28 PST 2014

Chetton Financial Building Inc
3592 Rosemead Blvd
Suite 325
Rosemead, CA 91770-2053

Bank SinoPac, Los Angeles Branch
c/o Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd 17th Flr
Los Angeles, CA 90048-4904

ThyssenKrupp Elevator
in care of CST CO INC
PO Box 224768
Dallas, TX 75222-4768

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AT&T
PO Box 5025
Carol Street, IL 60197-5025

American REO Solutions LLC
2804 Gateway Oaks Drive #200
Sacramento, CA 95833-4346

Bank SinoPac
355 South Grand Avenue
Ste 4168
Los Angeles, CA 90071-3100

COMCAST
PO Box 34227
Seattle, WA 98124-1227

California Water Service Company
PO Box 940001
San Jose, CA 95194-0001

David & Cathy Tsang
758 Loyola Drive
Los Altos, CA 94024-5918

Discount Plumbing & Rooter Company
1330 Valota Road
Redwood City, CA 94061-2156

Employment Development Dept.
1525 S. Broadway
Room 223
Los Angeles, CA 90015-3030

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952

Fry's Electronics
1077 East Argues Avenue
Sunnyvale, CA 94085-3902

Golden State Granite & Marble Inc.
114 S. Amphlett Bl.
San Mateo, CA 94401-2941

Great Vista Real Estate Invest Corp
250 Selby Lane
Atherton, CA 94027-3931

Hue & Cry Inc
PO Box 548
Anderson CA 96007-0548

Immix Leasing
1833 Walter Drive
Los Banos, CA 93635-5231

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Noosphere Ventures
1906 El Camino Real
Atherton, CA 94027-4129

North America Capital LLC
126 Atherton Avenue
Atherton, CA 94027-4021

Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

PG&E
Box 997300
Sacramento, CA 95899-7300

(p)PACIFIC GAS & ELECTRIC COMPANY
PO BOX 8329
STOCKTON CA 95208-0329

Recology San Mateo County
PO Box 514230
Los Angeles, CA 90051-4230

San Mateo County Treasurer
and Tax Collector
555 County Center #1
Redwood City, CA 94063-1665

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

Sunshine Valley LLC
Attn: Benjamin Kirk
2648 E WORKMAN AVE STE 238
West Covina, CA 91791-1604

TelePacifc Communications
PO Box 526015
Sacramento, CA 95852-6015

Travelers
PO Box 15439
Sacramento, CA 95851-0439

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Verizon Wireless
PO Box 25505
Lehigh Valley, PA 18002-5505

Washington Capital Management LLC
2804 Gateway Oaks Drive #200
Sacramento, CA 95833-4346

David & Cathy Tsang
c/o Berliner Cohen
10 Almaden Blvd.
11th Floor
San Jose
San Jose, Ca 95113-2226